2022R00189/JSG/RLO/SD/jw

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Peter G. Sheridan, U.S.D.J. |
| v. | : | Crim. No. 22-335 |
| ANASTASIA A. PASSAS, | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | (MONEY JUDGMENT) |

On or about May 10, 2022, pursuant to a plea agreement with the United States, defendant Anastasia A. Passas (the "defendant") pleaded guilty to a one-count Information charging her with conspiracy to violate the Travel Act, contrary to 18 U.S.C. §§ 1952(a)(1) and (a)(3), in violation of 18 U.S.C. § 371. In the plea agreement, the defendant agreed to forfeit to the United States all property, real or personal, she obtained that constitutes or is derived from proceeds traceable to the conspiracy offense charged in the Information, the value of which was $337,662.63. In the plea agreement, the defendant further acknowledged that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets in an amount not to exceed $337,662.63 (the "Money Judgment").

In the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; acknowledged

she understood that the imposition of the Money Judgment is part of the sentence that may be imposed in this case; waived any failure by the Court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding; waived any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. The defendant further acknowledged that any forfeiture of her assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture.

Having considered the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED, AND DECREED THAT:

1. All property, real or personal, that constitutes or is derived from proceeds obtained by the defendant that are traceable to the commission of the conspiracy offense charged in the Information, to which the defendant has pleaded guilty, is forfeited to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. The defendant having acknowledged that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, the United States is entitled to forfeit proceeds and/or substitute assets equal to the value of the gross proceeds obtained by the defendant, which was $337,662.63. A money judgment in the amount of $337,662.63 is hereby entered against the defendant, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 21 U.S.C.

§ 853(p), and Federal Rule of Criminal Procedure 32.2(b) (the "Money Judgment").

3. All payments on the Money Judgment shall be made by (i) electronic funds transfer, as directed by the United States Attorney's Office; or (ii) postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4. All payments on the Money Judgment are forfeit to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p). The United States Marshals Service shall deposit such payments in its Seized Assets Deposit Account, and upon clearing of the financial instrument, shall deposit the funds in the Assets Forfeiture Fund, for disposition according to law. The United States shall have clear title to such payments, proceeds, and/or substitute assets up to the amount of the Money Judgment ($337,662.63).

5. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of assets to satisfy the Money Judgment, or in connection with any petitions filed pursuant to 21 U.S.C. § 853(n), including depositions, interrogatories, requests for production of

documents, and the issuance of subpoenas.

6. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made a part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

7. The Clerk of the Court is directed to enter a Criminal Forfeiture Money Judgment against the defendant in favor of the United States in the amount of $337,662.63.

8. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

ORDERED this 4 day of June , 2024.

HONORABLE PETER G. SHERIDAN
United States District Judge

The undersigned hereby consent to the form and entry of this Order:

PHILIP R. SELLINGER
United States Attorney

By: JASON S. GOULD
Assistant United States Attorney

Dated: 6/4/2024

LATHROP B. NELSON, III, ESQ.
Attorney for Defendant
Anastasia A. Passas

Dated: June 4, 2024

ANASTASIA A. PASSAS, Defendant

Dated: June 4, 2024