MONTGOMERY McCRACKEN
ATTORNEYS AT LAW

**Lathrop B. Nelson III**
Admitted in Pennsylvania, New Jersey & New York

LibertyView
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002-2220
Tel: 856-488-7700

Direct Dial: 215-772-7473
Fax: 215-731-3708
Email: lnelson@mmwr.com

June 7, 2024

**By ECF**

The Honorable Peter G. Sheridan
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

Re: *USA v. Passas*
U.S. District Court for the District of New Jersey, No. 22-cr-00335-PGS

Dear Judge Sheridan:

Please accept this letter brief pursuant to Federal Rule of Criminal Procedure 35(a) on behalf of Anastasia Passas, who was sentenced before your honor on June 4, 2024 and whose judgment was entered yesterday, June 6 [D.E. 18]. Ms. Passas respectfully moves the Court to correct the sentence that was announced on June 4 on or before June 18, 2024, and sentence Ms. Passas to probation for a period of three years without the imposition of 12 months of home detention.

I have conferred with counsel for the government, who consents to Ms. Passas' motion to correct the sentence.

Prior to the commencement of the sentencing proceedings, the Court asked counsel to approach and addressed counsel for the government, Assistant United States Attorney Jason Gould, and undersigned counsel for Ms. Passas. The Court informed counsel that it had time constraints in connection with other proceedings and that, based upon the requests made in both parties' sentencing submissions and because of the agreement of both the government and Ms. Passas to a sentence of probation within those submissions, the Court would sentence Ms. Passas to a sentence of probation. The Court asked counsel to be guided accordingly when making their sentencing presentations, which I did.

The government's sentencing letter, submitted on May 30, 2024, requested a sentence of probation with a term of three years, without any period of location monitoring or home detention. Ms. Passas' sentencing memorandum, submitted on May 31, 2024, concurred with the government's request for a sentence of probation, requesting a term of some period less than

the three years requested by the government, because Ms. Passas had already been subject to two years of pre-trial supervision.[1] Neither the government, nor Ms. Passas, requested a period of probation longer than three years and neither requested any period of home detention. During the parties sentencing presentations, Ms. Passas requested a period of probation of one year and the government requested a period of probation of three years, both consistent with the sentencing submissions and with Ms. Passas' role in the offense, her history and character, and the other factors set forth in 18 U.S.C. § 3553(a).

When the Court announced the sentence, however, the Court imposed a five-year period of probation and imposed a condition of home detention that was not requested by either party and which was not identified as a possible sentence by the Court in its earlier discussion with counsel. To the contrary, in its earlier discussion with counsel, the Court specifically referenced the requests made in the sentencing submissions and the parties' agreement to a period of probation. There was no discussion in either party's sentencing submissions, the sentencing presentations, or the discussion between the Court and counsel to a condition of home location monitoring or home detention of any period.

Under Rule 35(a), "[w]ithin 14 days after sentencing, [a] court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(a). In *United States v. Passenos*, No. 3:20CR53, 2021 WL 316233, at *3 (E.D. Va. Jan. 29, 2021), the court concluded that it was appropriate under Rule 35(a) to correct a sentence by later adding a term that it had intended to include, but did not do so when announcing the sentence. Rule 35(a) should equally apply to circumstances where the court has expressed an intention to impose a certain sentence, but included an additional condition, not previously identified, when announcing the sentence, as here.

Ms. Passas respectfully requests that, pursuant to Rule 35(a), the Court grant her unopposed motion to correct the sentence to impose a sentence of probation with a term of three years without a condition of local monitoring and home detention.

Respectfully submitted,



Lathrop B. Nelson III

LBN:seb

[1] During the period of pre-trial supervision and pursuant to the May 10, 2022 Order Setting Conditions of Release [D.E. 5], Ms. Passas was not subject to any home confinement programs or location monitoring. The government has also acknowledged in its sentencing submission that Ms. Passas has a "strong track record of good behavior on pretrial supervision."